**Ralph E. WILSON, Plaintiff,**

v.

**SMITH GIN COMPANY, INC., Defendant.**

**No. DC 76–8–S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Aug. 6, 1976.

Ralph E. Wilson, Wilson & Wilson, Osceola, Ark., for plaintiff.

Robert H. Broome, Batesville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice came on for hearing this day on plaintiff's motion for summary judgment pursuant to Rule 56 Fed.R.Civ.P. In support of his motion, plaintiff submits his own affidavit and that of his brother Emmett A. Wilson.

It appears from the affidavits that on April 15, 1975, plaintiff made his brother a loan of $50,000, on the security of certain accounts receivable acquired by his brother in the operation of the Delta Gin Supply Company in Memphis, Tennessee. Plaintiff is an attorney-at-law and a citizen of Osceola, Arkansas.

Plaintiff's brother executed a note to evidence his indebtedness to plaintiff, and an assignment of the accounts. One of the accounts assigned was the account of defendant, Smith Gin Company, Inc., in the sum of $14,000, the 1974 balance of the account. Plaintiff wrote defendant a letter on April 16, 1975, notifying defendant that

he owned the account by virtue of the assignment aforesaid and demanding payment thereof. Plaintiff offered, however, to accept an interest bearing note for the account payable in the fall.

When defendant did not reply to his letter, plaintiff wrote defendant the second time on April 23, 1975, and enclosed a note for execution by defendant to cover the open account. Plaintiff commented in the letter on the fact that defendant's ledger sheet with Delta Gin Supply Company reflected a $20,000 payment; that his brother had made an adjustment of $7,000 to the account in December 31, 1974, and that he (plaintiff) assumed the $14,000 to be an agreed balance.

Plaintiff wrote defendant yet a third time, on May 2, 1975, since defendant had not responded to his two previous letters and requested prompt payment or the execution of the note.

Plaintiff received an envelope through the mails, postmarked May 16, 1975, in which plaintiff found the note previously sent defendant, properly signed and executed. The note is for $14,000, dated April 23, 1975, due December 1, 1975, bears interest at 10 percent from date and provides for an attorney fee, if placed in the hands of an attorney for collection. The note was not paid when due and plaintiff brought suit thereupon in the action sub judice, filing the complaint on January 26, 1976. Plaintiff demands judgment for the principal amount of the note, interest, attorney fees and costs.

Defendants filed an answer and counterclaim. In its answer defendant admits the execution of the note and that no part of the note or interest has been paid, but denies an indebtedness to plaintiff on account thereof.

In the counterclaim, defendant seeks a refund from plaintiff and his brother[1] of the payment of $20,000 which defendant

1. Defendant alleges as affirmative matter in the answer that if he is indebted to plaintiff he is indebted to plaintiff and his brother jointly, and that the brother can be made a party to the action. Defendant does not suggest, however, that defendant's brother is such an indispensable party as to require his joinder or dismissal of the action.

made to plaintiff's brother before the assignment, claiming the failure of the machinery to perform as guaranteed when the sale was concluded.

The affidavit of plaintiff's brother speaks to the issue raised by the counterclaim. The facts reflected by the affidavit are that Delta Gin Supply Company sold defendant certain machinery, under a contract of sale for the sum of $36,881; that defendant promised to pay one-half cash and the balance on delivery of the machinery; that the payments were not made as agreed; that at the end of the cotton season, defendant complained of a portion of the machinery; that at this time defendant's account with Delta was $43,610.39, against which defendant had a legitimate or non-disputed credit of $2,238.60, that the dispute was settled by Delta giving defendant a credit of $7,372.09; that later defendant paid Delta $20,000 on the account, leaving a balance of $14,000 which defendant agreed to pay.

The defendant did not file or present any opposing affidavits.

Rule 56(c) Fed.R.Civ.P. provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

█ It is well established that under Rule 56(e), Fed.R.Civ.P. a party may not avoid entry of a summary judgment by merely alleging in the pleadings that a disputed factual issue exists. The party is required to set forth, by affidavit or otherwise, specific facts demonstrating that there is a genuine issue for trial. *Croley v. Matson Navigation Company,* 434 F.2d 73, 76 (5th Cir. 1970).

█ The court finds in the action sub judice that there is no genuine issue as to any material fact and that plaintiff is entitled to a judgment as a matter of law.

The facts shown to exist by the affidavits supporting the motion for summary judgment require the finding that defendant is indebted to plaintiff for the principal amount of the note with interest.

The note provides the payment of an attorney fee if it is placed in the hands of an attorney for collection. The record shows that plaintiff's firm filed the complaint. Under these circumstances, plaintiff is entitled to recover a reasonable amount as an attorney fee. The court finds 10 percent of the principal amount to be a reasonable fee.

An appropriate judgment will be entered by the court.